**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| IGNACIO PEREZ SANTOS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02798-TLP-tmp |

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

In early July 2026, Petitioner Ignacio Perez Santos, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 7.) Respondent responded. (ECF No. 14.) Petitioner replied. (ECF No. 15.) The Court held a hearing on the Petition. (ECF No. 17.) And the parties submitted supplemental authority. (*See* ECF Nos. 18, 19.) For the reasons below, the Court **GRANTS** the Petition and **ORDERS** Respondent to immediately release Petitioner from custody.

**BACKGROUND**

Petitioner is a Cuban citizen who entered the United States in November 2014. (ECF No. 14-1 at PageID 171.) The Department of Homeland Security ("DHS") granted Petitioner parole after he applied for admission and requested political asylum. (*Id.*; ECF No. 1 at PageID 2.) Petitioner's parole ended in November 2018, and an immigration judge issued a final removal order. (ECF No. 14-1 at PageID 172.) But the Government allowed Petitioner to remain in the

country through an Order of Supervision and Alternatives to Detention ("ATD"). (*Id.*) According to Petitioner, he has complied with his ATD requirements and check-in appointments for the past eight years. (ECF No. 1 at PageID 2.)

In May 2026, Shelby County law enforcement arrested Petitioner for "unpaid tickets." (ECF No. 14-1 at PageID 171.) U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody after he was released from the Shelby County Jail. (*Id.*) And ICE "served [Petitioner] with a warrant of removal in preparation to effectua[te] his removal." (*Id.*; ECF No. 14 at PageID 166.) ICE has detained Petitioner at the West Tennessee Detention Center in Mason, Tennessee ever since. (ECF No. 14 at PageID 166.)

Petitioner claims that DHS wrongfully revoked his Order of Supervision and failed to provide him with the notice and interview process required under 8 C.F.R. §§ 241.4(l) and 241.13(i). (ECF No. 1 at PageID 15.) Because of this failure, Petitioner alleges that his detention violates due process and the Administrative Procedures Act. (*Id.* at PageID 16–20.)

Respondent argues that Petitioner is lawfully detained under 8 U.S.C. § 1231 and the procedural requirements of 8 C.F.R. § 241.4(1)(1) do not apply to him. (ECF No. PageID 166–68.) Rather, Respondent claims that "Petitioner's revocation was under 8 C.F.R. § 241.4(l)(2)(iii) to enforce a removal order, which has no such notice or interview requirements." (ECF No. 14 at PageID 168.) And even if the Court disagrees and finds that Petitioner is entitled to the notice and interview process, Respondent claims that ICE's "failure to follow a step in the process of revoking Petitioner's order of supervision does not necessitate release. . . . ICE should instead be ordered to complete the procedural requirement." (*Id.*)

Petitioner replies that ICE does not have the authority to detain him without notice or an interview because his removal period expired eight years ago in 2018. (ECF No. 15 at PageID

174.) In other words, § 241.4(l)(2) "does not eliminate the procedural protections required when the Government returns a previously released person to custody. The Government cannot avoid those protections merely by stating that it intends to enforce a removal order." (*Id.* at PageID 175.)

The Court held a hearing in August 2026 and heard the parties' arguments. (ECF No. 17.) Respondent's counsel was unsure whether ICE had provided Petitioner any notice of the reasons for his detention. Counsel was also unsure if ICE had plans to remove Petitioner from the country "anytime soon." The Court then gave the parties 48 hours to submit cases that supported their respective positions.

Petitioner's supplemental briefing includes six cases that he argues "confirm that ICE may not re-detain a person previously released under an OSUP without complying with the procedures required by 8 C.F.R. § 241.4(l)." (ECF No. 18 at PageID 182.) These cases also, according to Petitioner, show that "Respondent[] cannot avoid those protections merely by invoking § 241.4(l)(2)(iii), and belated process does not cure an unlawful revocation." (*Id.*) Respondent's supplemental filing candidly states that "after further research, [Respondent] has been unable to identify any Sixth Circuit judicial decisions holding that notice is not required under 8 C.F.R. § 241.4(l) when the regulation otherwise applies." (ECF No. 19.)

**ANALYSIS**

The parties agree that Petitioner is detained under 8 U.S.C. § 1231(a). (ECF No. 1 at PageID 14; ECF No. 14 at PageID 166.) Section 1231—titled, "Detention and Removal of Aliens Ordered Removed"—governs the process of noncitizens who are "detained, issued an order of removal, and subject to removal and supervision." *K.E.O. v. Woosley*, 25-74, 2025 WL 2553394, at *3 (W.D. Ky. Sept. 4, 2025). 8 C.F.R. § 241.4 is the regulation that outlines the

procedures the Government must follow under this statute. It authorizes the Government to "return" a noncitizen who has been released on their own recognizance "to custody" after the removal period. 8 C.F.R. § 241.4(l)(1).

This process includes several procedural requirements; mainly, providing the noncitizen with notice and an opportunity to be heard. 8 C.F.R. § 241.4(l)(1). Section 241.4(l) specifically requires that "the alien will be notified of the reasons for revocation of his or her release or parole" and that "[t]he alien will be afforded an initial informal interview promptly after his or her return to [] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." *Id.* § 241.4(l)(1). If the Government does not release the noncitizen after notice and the informal hearing, then it must follow a review process that begins with a "records review and scheduling of an interview." *Id.* at § 241.4(l)(3).

As mentioned, Petitioner claims that the Government has failed to provide him with any of this process. (ECF No. 1 at PageID 14–15.) Respondent offers no offer evidence or argument to the contrary. (ECF No. 14 at PageID 168.) Although Respondent initially argued that the procedures in 8 C.F.R. § 241.4(1)(1) do not apply here (*id.*), his supplemental briefing concedes that he "has been unable to identify any Sixth Circuit judicial decisions holding that notice is not required under 8 C.F.R. § 241.4(l) when the regulation otherwise applies" (ECF No. 19). That concession is very telling.

By failing to provide Petitioner with process under § 241.4(l)(1), the Court finds that Respondent has denied him with the most fundamental due process requirements: notice and an opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that 'a person in jeopardy of serious loss (be given) notice of the

case against him and opportunity to meet it.'" (quoting *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. at 123, 176 (1951) (Frankfurter, J., concurring)).

As Petitioner correctly notes, this finding is consistent with other district courts that have addressed the Government's failure to comply with notice and interview requirements under § 241.4(l). *See, e.g.*, *K.E.O.*, 2025 WL 2553394, at *7 ("ICE and the United States failed to [abide by § 241.4(l)(1)], and thus violated their own regulations and the due process clause."); *Gonzales-Salazar v. Raycraft*, No. 25-2526, 2026 WL 1361654, at *9 (N.D. Ohio May 15, 2026) (same); *C.F.M.E. v. Bullock*, 26-2269, 2026 WL 1471907, at *2 (W.D. Tenn. May 26, 2026) ("Respondent violated M.E.'s due process rights and ICE regulations by failing to follow 8 C.F.R. § 241.4's procedures); *Castro v. Woosley*, 26-47, 2026 WL 1507758, at 4 (W.D. Ky. May 29, 2026) (same). And this Court joins others in this Circuit that have found "the appropriate remedy is to order Petitioner's release from his illegal detention." *Gonzales-Salazar*, 2026 WL 1361654, at *9; *Ahmed v. Olson*, 26-89, 2026 WL 836123, at *6 (E.D. Ky. Mar. 26, 2026) ("Under such circumstances, this Court joins courts all across the country in finding that release is the only appropriate remedy." (collecting cases)).

## CONCLUSION

For the reasons above, the Court **GRANTS** the Petition and **ORDERS** Respondent to release Petitioner immediately.

**SO ORDERED**, this 19th day of August, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE